IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDRA CLAPPS, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 19-3745 |
| | : | |
| STATE FARM INSURANCE COMPANIES, | : | |
| *Defendant*. | : | |

**MEMORANDUM**

**JONES, II    J.**                                                                                                 **March 18, 2020**

**I.       BACKGROUND**

Sandra Clapps ("Plaintiff"), initiated this insurance dispute against State Farm Fire and Casualty Company[1] ("Defendant"), by filing a Complaint in the Philadelphia County Court of Common Pleas on July 16, 2019. On August 20, 2019, Defendant removed the case to this Court. (ECF No. 1.) Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3.) Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss on September 10, 2019. (ECF No. 4.) A brief summary of the pertinent facts alleged in Plaintiff's Complaint is set forth below.

Defendant issued Plaintiff an insurance policy (the "Policy")[2] covering Plaintiff's property located at 15 Wisler Avenue, Chalfont, Pennsylvania 18914 (the "Property"). (Compl. ¶ 3.) On or about September 2, 2018, Plaintiff's Property sustained physical loss and damage, believed by Plaintiff "to be the result of a peril insured against under the Policy." (*Id.* at ¶ 4.)

---

[1] Although Plaintiff named "State Farm Insurance Companies" as the Defendant in this case, Defendant indicates in its Motion to Dismiss that its proper title is "State Farm Fire and Casualty Company."

[2] Plaintiff did not attach a copy of the Policy to the Complaint. (*See* Compl. ¶ 3.)

Plaintiff promptly notified Defendant of the loss. (*Id.* at ¶ 5.) However, Defendant refused and has continued to refuse to pay Plaintiff monies owed for the covered loss and damage to the Property. (*Id.* at ¶ 6.) Based on these and other allegations, Plaintiff alleges that Defendant breached the parties' insurance contract, acted in bad faith, and violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), Unfair Insurance Practices Act ("UIPA"), and Unfair Claims Settlement Practices ("UCSP") regulations.

## II. STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion, courts must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To prevent dismissal, all civil complaints must [] set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* It is the "defendant [who] bears the burden of demonstrating that a plaintiff has failed to state a claim

upon which relief can be granted." *McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552, 557 (E.D. Pa. 2019) (citing *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)).

III.     DISCUSSION

   A.    **Breach of Contract**

Count I of Plaintiff's Complaint alleges that Defendant breached the parties' insurance contract. (Compl. ¶¶ 8–12.) Ordinary contract law principles apply to interpretation of insurance policies because "insurance policies are considered contracts." *Transamerican Office Furniture v. Travelers Prop. & Cas.*, 222 F. Supp. 2d 689, 691 (E.D. Pa. 2002). To state a claim for breach of contract under Pennsylvania law, a plaintiff is required to plead: "'(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages.'" *Orange v. Starion Energy PA, Inc.*, 711 F. App'x 681, 683 (3d Cir. 2017) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)).

Under Federal Rule of Civil Procedure 8(a), "a plaintiff [may] assert the existence of an express, written contract either by setting it forth verbatim in the complaint, or the plaintiff may attach a copy as an exhibit, or plead it according to its legal effect." *Pierce v. Montgomery Cty. Opportunity Bd., Inc.*, 884 F. Supp. 965, 970 (E.D. Pa. 1995) (internal quotation marks omitted). Accordingly, it is not fatal to Plaintiff's breach of contract claim that the Policy was not attached to the Complaint. *See Transp. Int'l Pool, Inc. v. Ross Stores, Inc.*, No. 6-1812, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009) (acknowledging that a plaintiff asserting a breach of contract claim is not required to attach the contract to the complaint). And in any event, Defendant attached a copy of the Policy to its motion. (Mot. Dismiss Ex. B.) There is therefore no dispute regarding the existence of a contract between the parties. *See Kofsky v. Unum Life Ins. Co. of Am.*, No. 13-5647, 2014 WL 4375725, at *1 n.1 (E.D. Pa. Sept. 2, 2014) ("We will

3

consider the content of the Policy, even though it was provided by [the defendant] as part of its Motion and not by [the plaintiff] as part of his Complaint.").

Defendant argues that Plaintiff's breach of contract claim should be dismissed because the Complaint does not identify the terms of the Policy applicable to Plaintiff's claim, does not allege facts establishing that it breached a duty owed to Plaintiff under the Policy, and does not relate Plaintiff's alleged damages to any contract terms allegedly breached by Defendant. (Mot. Dismiss Br. 3.) However, Defendant does not support its argument with citations to any analogous cases, and the relevant case law from this circuit weighs heavily against Defendant's position. As the court explained in *Transport Int'l Pool, Inc.*:

> When a plaintiff pleads a contract according to its legal effect, the complaint does not need to resort to formulaic recitation of the elements of the alleged contract; rather, the complaint must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond.

2009 WL 1033601, at *3. In another case, the court expressly rejected the same arguments raised by Defendant here and held that the plaintiff's complaint adequately alleged breach of an insurance contract:

> First, [the plaintiffs] have pleaded the existence of a contract with State Farm, namely the insurance policy, and they have alleged that an essential term of this policy was that State Farm was to cover losses to the insured property. Second, they have alleged that State Farm breached this contract when it failed to pay benefits due under the policy. Third, [the plaintiffs] have alleged actual loss or injury, as set forth by the estimates attached to the Complaint.

*Yeoman v. State Farm Fire & Cas. Co.*, No. 5:17-cv-4159, 2018 WL 2363608, at *2 (E.D. Pa. May 24, 2018). And in *Kofsky v. Unum Life Ins. Co. of Am.*, the court found that although an insured's allegations of damages "lack[ed] detail," the allegations concerning damages were sufficient to overcome a motion to dismiss because the plaintiff "claim[ed] that he suffered damages as a result of [the defendant's] alleged breach." 2014 WL 4375725, at *2.

4

Here, Plaintiff provided the location of the Property, and alleged that the Property suffered damage insured against under the Policy. (Compl. ¶¶ 3–4.) Plaintiff pleads that she promptly and timely notified Defendant of the covered losses, but that Defendant has refused to pay her monies owed for the damage. (*Id.* at ¶¶ 5–6, 10.) And Plaintiff expressly alleges that she suffered damages due to Defendant's breach of its duties under the insurance contract, i.e., that Plaintiff has not received "funds sufficient to bring [her] home to [its] pre-loss condition." (*Id.* at ¶¶ 6–7, 10.)

"[A]ccept[ing these] factual allegations as true" and "constru[ing] the complaint in the light most favorable to the plaintiff," as the Court must do at this stage of the litigation, it is clear that Plaintiff has adequately stated a claim for breach of contract. *Phillips*, 515 F.3d at 233. Although the Complaint may not recite each of the essential terms of the parties' contract, it sufficiently places Defendant on notice of the claim such that it can reasonably respond. *See Transp. Int'l Pool*, 2009 WL 1033601, at *3. Plaintiff has alleged the same level of detail that courts in this district have repeatedly found sufficient to state a breach of contract claim, and this Court declines to depart from those holdings here. *See Yeoman*, 2018 WL 2363608, at *2; *Kofsky*, 2014 WL 4375725, at *2. Accordingly, Defendant's Motion to Dismiss with respect to Count I of Plaintiff's Complaint is denied.

### B. Bad Faith

Count II of Plaintiff's Complaint alleges that Defendant's conduct constituted statutory bad faith. (Compl. ¶¶ 13–16.) In Pennsylvania, a claim of bad faith brought against an insurer is recognized by 42 Pa.C.S.A. § 8371. Given the absence of an explicit definition of "bad faith" in § 8371, Pennsylvania courts have provided a definition. *See Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). Bad faith in the insurance context is a

"'frivolous or unfounded refusal to pay proceeds of a policy[, evidencing] a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.'" *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (quoting *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (citing *Terletsky*, 649 A.2d at 688)).

"To recover under section 8371, a plaintiff must show by clear and convincing evidence that the insurer did not have a reasonable basis for denying benefits under the policy and that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (citing *Terletsky*, 649 A.2d at 688). Mere insinuation of bad faith does not warrant recovery. *MGA Ins. Co. v. Bakos*, 699 A.2d 751, 754 (Pa. Super. Ct. 1997). The focus of a § 8371 claim is "'the manner in which insurers discharge their duties of good faith and fair dealing during the pendency of an insurance claim.'" *Wolfe*, 790 F.3d at 499 (alteration omitted) (quoting *Berg v. Nationwide Mut. Ins. Co., Inc.*, 44 A.3d 1164, 1178 (Pa. Super. Ct. 2012)).

Defendant seeks dismissal of Plaintiff's bad faith claim, arguing that the Complaint "fails to provide the factual allegations necessary to show . . . how State Farm allegedly acted without a reasonable basis, and/or knew or recklessly disregarded its alleged lack of reasonable basis for its claims handling." (Mot. Dismiss ¶ 21.) Defendant cites ten (10) prior cases from this circuit in support of its argument, several of which are discussed below. (*See id.* at ¶ 23.)

In *Soldrich v. State Farm Fire & Cas. Co.*, the court dismissed the plaintiff's bad faith claim because "nothing in the Complaint set[] forth any facts to support the[ plaintiff's] conclusory allegations" concerning that claim. No. 5:15-cv-1438, 2015 WL 7568442, at *4 (E.D. Pa. Nov. 25, 2015). The court further explained its reasoning as follows:

> Plaintiff alleges that Defendant "unreasonably delayed the handling of the Plaintiff's insurance claims," but there are no facts alleged in the Complaint that relate to the alleged delay, such as the length of time that passed between the date when Plaintiff notified Defendant of his claims and the date that Defendant responded to them. "Essentially, Plaintiff's cursory allegations assert that Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits, but do not provide any factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits."

*Soldrich*, 2015 WL 7568442, at *4 (quoting *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-77, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015)). The court likened the conclusory nature of the complaint's allegations to the plaintiff's allegations in *Mozzo v. Progressive Ins. Co.*, where that court held: "Nothing in the Complaint sets forth any facts regarding Defendant's actions, let alone actions from which the Court can infer a bad faith claim." No. 14-5752, 2015 WL 56740, at *3 (E.D. Pa. Jan. 5, 2015). In *Mozzo*, the court reviewed another case cited by Defendant in its motion—*Atiyeh v. Nat'l Fire Ins. Co. of Hartford*:

> Similarly, in [*Atiyeh*], the plaintiff averred that defendant "(1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (2) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis." The court found that these averments were "merely conclusory legal statements and not factual averments." Noting that the court need not credit bare legal conclusions and that plaintiff had not "demonstrated, by pleading basic facts, the elements of a claim for bad faith," the court granted the defendant's motion to dismiss that claim.

2015 WL 56740, at *3 (quoting *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 599–600 (E.D. Pa. 2010) (internal citations omitted)). The court also surveyed several other relevant cases from this circuit, and concluded: "Repeatedly, courts have dismissed bad faith claims under Federal Rule of Civil Procedure 12(b)(6) where the complaint set forth 'bare-bones' conclusory allegations that did not provide a factual basis for an award of bad faith

7

damages." *Mozzo*, 2015 WL 56740, at *2. In *Blasetti v. Allstate Ins. Co.*, the court similarly dismissed the plaintiffs' bad faith claim, finding that the "plaintiffs would have [the court] infer reckless indifference from the mere fact that [the insurer defendant] denied their request for coverage," as the complaint did not include "sufficient factual allegations to suggest an absence of a reasonable basis on the part of [the insurer] for denying [the] request." No. 11-6920, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012); *see also Eley v. State Farm Ins. Co.*, No. 10-cv-5564, 2011 WL 294031, at *3–5 (E.D. Pa. Jan. 31, 2011) (dismissing bad faith claim due to plaintiffs' failure to support the claim with sufficient factual allegations).

Comparing the allegations in Count II of Plaintiff's Complaint with the bad faith allegations in the cases discussed above, it is evident that Plaintiff has failed to allege enough factual content to avoid dismissal of her bad faith claim. As in those cases, Plaintiff's bad faith allegations are nothing more than conclusory statements devoid of any factual detail. For example, like the plaintiff in *Soldrich*, Plaintiff alleges that Defendant "fail[ed] to complete a prompt and thorough investigation of Plaintiff's claim" and "fail[ed] to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim" (Compl. ¶ 15b, j), "but there are no facts alleged in the Complaint that relate to the alleged delay, such as the length of time that passed between the date when Plaintiff notified Defendant of [her] claims and the date that Defendant responded to them." *Soldrich*, 2015 WL 7568442, at *4. In short, Count II of Plaintiff's Complaint contains nothing more than "bare-bones conclusory allegations that d[o] not provide a factual basis for an award of bad faith damages." *Mozzo*, 2015 WL 56740, at *2.

In her opposition brief, Plaintiff does not address or attempt to distinguish any of the cases cited in Defendant's motion. Instead, Plaintiff asks the Court to deny Defendant's request to dismiss her bad faith claim based solely on a single authority: *1009 Clinton Props., LLC v.*

8

*State Farm Fire & Cas. Co.*, No. 18-5286, 2019 WL 1023889 (E.D. Pa. Mar. 4, 2019). However, a review of the complaint in that case only underscores the complete lack of factual content alleged here, as Plaintiff's bad faith allegations are simply a verbatim copy of the allegations from that complaint. *Compare 1009 Clinton Props.*, 2019 WL 1023889, at *1–2 (listing bad faith claim allegations), *with* Compl. ¶ 15a–m. While the court in that case deemed those allegations sufficient, it surely did not intend to create a rule whereby all future plaintiffs could simply parrot the exact same allegations in order to survive a motion to dismiss. The federal pleading standards demand more. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal quotation marks, citations, and alterations omitted); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) ("without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests") (quoting *Twombly*, 550 U.S. at 555 n.3). Accordingly, Plaintiff's statutory bad faith claim under § 8371 is dismissed without prejudice to Plaintiff's ability to amend that claim if she so chooses.

  **C. UTPCPL**

Count III of Plaintiff's Complaint alleges that Defendant's conduct violated the UTPCPL. (Compl. ¶¶ 17–23.) "Pennsylvania's UTPCPL . . . 'is designed to protect the public from fraud and deceptive business practices.'" *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 497 (3d Cir. 2013) (quoting *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008)). The UTPCPL enumerates twenty specific prohibited practices that constitute "[u]nfair methods of competition" and "unfair or deceptive acts or practices." *See* 73 Pa. Stat. Ann. § 201-2(4)(i)–

9

(xx). The statute also contains a catchall provision which prohibits one from "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." *Id.* at § 201-2(4)(xxi). To state a claim "under the catchall provision of the UTPCPL, if a plaintiff alleges deceptive conduct, a plaintiff need not allege the elements of common law fraud, but, conversely, must do so if a plaintiff alleges fraudulent conduct." *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 469 (E.D. Pa. 2009); *see also Doherty v. Allstate Indem. Co.*, No. 15-5165, 2017 WL 1283942, at *31 (E.D. Pa. Apr. 6, 2017) ("A plaintiff may state a cause of action under the UTPCPL by satisfying the elements of common-law fraud or by otherwise alleging deceptive conduct.").

Defendant argues that Plaintiff's UPTPCL claim is barred by the economic loss doctrine. (Mot. Dismiss Br. 9.) "The economic loss doctrine 'prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.'" *McGuckin v. Allstate Fire & Cas. Ins. Co.*, 118 F. Supp. 3d 716, 719 (E.D. Pa. 2015) (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002)). "While the Pennsylvania Supreme Court has not decided whether the economic loss doctrine applies to statutory claims under the UTPCPL, the Third Circuit has predicted that the Pennsylvania Supreme Court would hold that it does." *Doe v. The Trustees of the Univ. of Pa.*, 270 F. Supp. 3d 799, 829 (E.D. Pa. 2017) (citing *Werwinski*, 286 F.3d at 681). "Consequently, the doctrine limits a plaintiff bringing both UTPCPL and contract claims to his or her contract claims 'when loss of the benefit of a bargain is the plaintiff's sole loss.'" *Doe*, 270 F. Supp. 3d at 829 (quoting *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.*, 247 F.3d 79, 104 (3d Cir. 2001)).

As in *Doe*, Plaintiff here argues that "the economic loss doctrine [should not] bar h[er] UTPCPL claim because the Pennsylvania Superior Court has concluded, since the Third Circuit

decided *Werwinski*, that the doctrine does not apply to UTPCPL claims." *Doe*, 270 F. Supp. 3d at 829 (citing *Dixon v. Nw. Mut.*, 146 A.3d 780, 790 (Pa. Super. Ct. 2016); *Knight v. Springfield Hyundai*, 81 A.3d 940, 951–52 (Pa. Super. Ct. 2013)). "Th[o]se rulings, and the lack of guidance from the Supreme Court of Pennsylvania, have led district courts within this Circuit to reach disparate conclusions as to whether *Werwinski* remains binding precedent." *Bordoni v. Chase Home Fin. LLC*, 374 F. Supp. 3d 378, 385 (E.D. Pa. 2019) (citing *McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552, 560 (E.D. Pa. 2019) (collecting cases)).

However, as the court noted in *Bordoni*, "[d]istrict courts are bound by the Third Circuit's previous holdings 'in the absence of a *clear* statement by the Pennsylvania Supreme Court to the contrary or other persuasive evidence of a change in Pennsylvania law.'" 374 F. Supp. 3d at 385 (emphasis in original) (quoting *Smith v. Calgon Carbon Corp.*, 917 F.2d 1338, 1343 (3d Cir. 1990)); *see also Doe*, 270 F. Supp. 3d at 829 ("the *Werwinski* decision is binding on the district courts in the Third Circuit until either the Pennsylvania Supreme Court or the Third Circuit rules otherwise") (internal quotation marks omitted); *McGuckin*, 118 F. Supp. 3d at 720 ("This Court concludes that, when the Third Circuit has predicted how the Pennsylvania Supreme Court will rule on an issue, it is bound by that precedent unless one of those two courts subsequently rules otherwise."). Given the disagreement among district courts as to the effect of the Superior Court's decisions in *Dixon* and *Knight*, it seems to this Court that those decisions do not clear the hurdle of representing "persuasive evidence of a change in Pennsylvania law" such that Third Circuit precedent may be disregarded. *Bordoni*, 374 F. Supp. 3d at 385. "Moreover, three years after *Knight*, the Third Circuit, albeit in a non-precedential opinion, affirmed the dismissal of a UTPCPL claim as barred by the economic loss doctrine, citing *Werwinski*'s

11

binding precedent." *Id.* at 386 n.4 (citing *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 175 (3d Cir. 2016)).

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to a party to amend its pleadings "when justice so requires." However, grounds upon which leave to amend can be denied include "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and *futility*." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (emphasis added). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Muchler v. Greenwald*, 624 F. App'x 794, 799 (3d Cir. 2015) (internal quotation marks omitted). As the Court finds it necessary to apply Third Circuit precedent barring Plaintiff's UTPCPL claim pursuant to the economic loss doctrine, any attempt to amend that claim would be futile, and Count III of Plaintiff's Complaint is accordingly dismissed with prejudice.[3]

### D. UIPA and UCSP Regulations

Counts IV and V of Plaintiff's Complaint purport to state claims under Pennsylvania's UIPA and UCSP regulations, respectively. (Compl. ¶¶ 24–35.) Defendant seeks dismissal on both counts, arguing that neither the UIPA nor the UCSP regulations "create a private cause of action for citizens[,] as they may only be enforced by the [Insurance] Commissioner" of Pennsylvania. (Mot. Dismiss Br. 11.) The applicable case law makes it clear that Defendant is correct. *See Leach v. Nw. Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d Cir. 2008) ("there is no private right of action under the UIPA, which can only be enforced by the state insurance

---

[3] As the Court finds Defendant's argument concerning the economic loss doctrine dispositive on this count, Defendant's other arguments concerning Plaintiff's UTPCPL claim need not be addressed.

12

commissioner"); *Upper Pottsgrove Twp. v. Int'l Fid. Ins. Co.*, 976 F. Supp. 2d 598, 604 (E.D. Pa. 2013) ("The UIPA does not create a private right of action but instead allows the Insurance Commissioner to regulate bad faith claims."); *Weinberg v. Nationwide Cas. & Ins. Co.*, 949 F. Supp. 2d 588, 598 (E.D. Pa. 2013) ("Courts within the Third Circuit and the Commonwealth of Pennsylvania continue to recognize that the UIPA does not provide plaintiffs with a private cause of action."); *Gen. Cable Corp. v. Ins. Co. of N. Am.*, No. 10-1958, 2010 WL 11558267, at *2 (E.D. Pa. Oct. 29, 2010) (granting a defendant's motion to dismiss to the extent the claim relied on the UIPA because that statute does not convey to citizens a private cause of action); *Oehlmann v. Metro. Life Ins. Co.*, 644 F. Supp. 2d 521, 531 (M.D. Pa. 2007) ("The UIPA does not create a private cause of action for citizens."); *Smith v. Nationwide Mut. Fire Ins. Co.*, 935 F. Supp. 616, 620 (W.D. Pa. 1996) ("it is clear that there is no private cause of action under the UIPA or the Unfair Claims Settlement Practices Regulations") (collecting cases); *Harmon v. State Farm Ins. Co.*, No. 17-4549, 2018 WL 1022580, at *5 (E.D. Pa. Feb. 22, 2018) ("Pennsylvania's Unfair Claims Practices Act does not create a private cause of action for [a plaintiff]. Only Pennsylvania's Insurance Commissioner may enforce the statute."); *Klay v. AXA Equitable Life Ins. Co.*, No. 9-12, 2010 WL 3885117, at *19 (W.D. Pa. Sept. 28, 2010) (granting motion to dismiss claims alleging violations of UCSP regulations).

Plaintiff seeks to avoid the import of this abundance of authority by arguing that, in fact, "the federal courts are split regarding the issue of whether the UIPA and UCSPA can be brought as private causes of action in Pennsylvania." (Resp. in Opp'n § III.E.) But the two federal cases Plaintiff cites in support—*Aldsworth v. State Farm Fire & Cas. Co.*, No. 3:13-cv-2941, 2014 WL 582792 (M.D. Pa. Feb. 14, 2014) and *Militello v. Allstate Prop. & Cas. Ins. Co.*, No. 14-cv-240, 2014 WL 2892386 (M.D. Pa. June 26, 2014)—unequivocally do not support Plaintiff's

13

contention. Neither case involved a private plaintiff attempting to assert an independent cause of action under either the UIPA or UCSP regulations. Rather, those cases involved claims of bad faith, where the courts simply stated that such claims could be premised on alleged violations of the UIPA. *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228 (Pa. Super. Ct. 1994), the only other case cited by Plaintiff, is no different; and in that case the court went so far as to expressly reject the argument urged by Plaintiff here, stating: "It is clear that the UIPA and the Department of Insurance Regulations can only be enforced by the State Insurance Commissioner and not by way of private action." *Romano*, 646 A.2d at 1232; *see also* Resp. in Opp'n § III.E (citing *Romano*). In short, Plaintiff has not put forth a single authority supporting her argument that UIPA or UCSP claims may be brought as private causes of action.

As neither the UIPA nor the UCSP regulations provide citizens with a private right of action, "it is inconceivable that [Plaintiff] could allege" anything in an amended complaint that would bring those claims within the jurisdiction of the Court. *Muchler*, 624 F. App'x at 799. Granting Plaintiff leave to amend the UIPA and UCSP claims would be a futile exercise; Counts IV and V of Plaintiff's Complaint are therefore dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied with respect to Count I of Plaintiff's Complaint, and granted with respect to Counts II, III, IV, and V. Plaintiff is granted leave to amend the claim set forth in Count II only.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.